

FILED
JUN - 8 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SCOTT SATTLER,                          )
                                        )
    Plaintiff,                          )
                                        )
    v.                                  )   Civil Action No. 1:20-cv-00867 (UNA)
                                        )
U.S. DEPARTMENT OF JUSTICE, *et al.*,   )
                                        )
    Defendants.                         )

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, filed a complaint and application for leave to proceed *in forma pauperis* ("IFP") on March 30, 2020. He failed, however, to provide his full residence address pursuant to D.C. Local Civil Rule 5.1(c), or alternatively, a motion requesting permission to use a P.O. Box. The court entered an order on April 28, 2020, directing plaintiff to correct this error within thirty days.

Plaintiff has now filed a motion for permission to provide a redacted residence address, thereby complying with the court's order. The court may now turn to the IFP application and complaint. It will grant plaintiff's pending IFP application and dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 8(a) and for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the court determines that it lacks subject matter jurisdiction). The motion for permission to provide a redacted address will be denied as moot.

Plaintiff appears to be a resident of Austin, Texas. He sues the U.S. Department of Justice ("DOJ"), the Chief of the DOJ Disability Rights Section of the Office of Civil Rights ("OCR"), the Director of the OCR, and a DOJ attorney-advisor. Plaintiff alleges that defendants have

violated the Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990 ("ADA"), and the Rehabilitation Act of 1973. The complaint is far from a model in clarity, but plaintiff appears to allege that defendants have violated these statutes by (1) "refusing to end disability discrimination in state and local courts" and "using federal funds to subsidize discriminatory state and local courts;" (2) failing to investigate "widespread violations of federal civil rights laws . . . occurring in Texas counties" based on plaintiff's own statistical analysis, and; (3) ignoring, delaying, or administratively closing complaints that he has submitted to DOJ about the aforementioned issues. He seeks declaratory and injunctive relief.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff has not established his standing to sue, which also "is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). The "purpose of Title VII is to protect employees from their employers' unlawful actions," *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011), but plaintiff has alleged no facts from which it may be found or reasonably inferred that he is a "person . . . aggrieved by an unlawful employment practice." *Fair Employment Council of Greater Washington, Inc. v. BMC Mktg. Corp.*, 28 F.3d 1268, 1278 (D.C. Cir. 1994) (internal quotation marks omitted). The ADA, moreover, does not apply to the federal government. *See Emrit v. Nat'l Institutes of Health*, 157 F. Supp. 3d 52, 56 n.3 (D.D.C. 2016), (citing 42 U.S.C. § 12111(2), (5)(B)(i)). Plaintiff also fails to specify the relevant type of the

discrimination suffered under Title VII or the nature of his disability pursuant to the ADA or Rehabilitation Act.

Further, plaintiff fails to identify the local or state courts at issue, and more importantly, fails to specify the actual discrimination in which they have engaged. While he identifies as an individual with a disability, plaintiff fails to allege how he has been affected by this unknown discrimination. Plaintiff must establish at a minimum (1) that he has "suffered an injury in fact— an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (alterations, internal quotation marks, and citations omitted). Where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Here, plaintiff has failed to establish standing because he has not pled any actual or imminent injury aside from, at best, a generalized grievance.

The court also notes that it lacks jurisdiction to compel an investigation by any law enforcement agency by filing a complaint. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). The Executive Branch has absolute discretion to decide whether to conduct an investigation and such decisions are not subject to judicial review. *United States v. Nixon,* 418 U.S. 683, 693 (1974); *see Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480–81 (D.C. Cir. 1995); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965). "[A]n agency's decision not to prosecute or

enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

Last, a plaintiff's "allegations must be enough to raise a right to relief above the speculative level . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Aktieselskabet AF 21. Nov.2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n. 4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims.") (citations omitted). Plaintiff's broad and muddled claims that DOJ is somehow subsidizing and engaging in an undefined conspiracy with local Texas judiciaries fails to adhere to the Rule 8 standard.

For all of the aforementioned reasons, this case will be dismissed without prejudice. A separate order of dismissal accompanies this memorandum opinion.

_____/s/_____
EMMET G. SULLIVAN
United States District Judge

DATE: June 8, 2020